1  THE LAW OFFICES OF JOHN BURTON
2  John Burton, SBN 86029
   65 North Raymond Avenue, Suite 300
3  Pasadena, California  91103
   Tel. (626) 449-8300; Fax (626) 449-4417
4  Email: jb@johnburtonlaw.com

5  LAW OFFICES OF CAVALLUZZI & CAVALLUZZI
   Maria Cavalluzzi, State Bar No. 128377
6  9200 Sunset Boulevard, Suite 807
   Los Angeles, California 90069
7  Tel: (310) 246-2601; Fax: (310) 246-2606
   Email: maria@cavalluzzi.com

8  Attorneys for Plaintiff Jonathon Michael Castro

9

10              UNITED STATES DISTRICT COURT

11                 DISTRICT OF CALIFORNIA

12
   JONATHON MICHAEL                    Case No. CV10  5425  PLA
13 CASTRO,
14          Plaintiff,                 COMPLAINT FOR  DAMAGES
                                       FOR CIVIL RIGHTS
15      v.                             DEPRIVATIONS UNDER 42 U.S.C.
                                       § 1983 AND SUPPLEMENTAL
16 COUNTY OF LOS ANGELES,              STATE-LAW CLAIMS
   LOS ANGELES SHERIFF'S
17 DEPARTMENT, LEROY BACA,
   in his individual and official      DEMAND FOR JURY TRIAL
18 capacity, and  DOES 1 to 10,
   inclusive,
19
            Defendant.
20

21              JURISDICTION AND VENUE

22      1.    This case arises under 42 U.S.C. §1983, the Fifth, Eighth and Fourteenth

23 Amendments to the United States Constitution, and common law. Jurisdiction in this

24 Honorable Court is conferred by 28 U.S.C. §§1331 and 1343.  Plaintiff's state-law

25 claims are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

26      2.    Venue is proper in the Central District of California pursuant to 28

27 U.S.C. §1391, as the underlying acts, omissions, events, injuries and related facts upon

28 which the present action are based, occurred in the County of Los Angeles, State of

                              - 1 -

1  California.

2                                **PARTIES**

3       3.    Plaintiff JONATHON MICHAEL CASTRO is an adult qualified to

4  bring suit on his own behalf.

5       4.    Defendant COUNTY OF LOS ANGELES ("COUNTY") is organized

6  and existing under the laws of the State of California.  In this case, the COUNTY

7  acted through its agents, employees, and servants, including the policymakers for

8  defendant COUNTY OF LOS ANGELES SHERIFF'S DEPARTMENT ("LASD"),

9  and through Defendant Sheriff LEROY BACA ("BACA"), the Sheriff of the LASD.

10      5.    At all times, Defendants COUNTY and LASD, and each of them,

11  possessed the power and authority to adopt policies and prescribe rules, regulations,

12  and practices affecting all facets of the training, supervision, control, employment,

13  assignment and removal of individual members of the LASD, including those

14  individuals charged with protecting the health and safety of detainees and arrestees

15  at COUNTY detention facilities, including plaintiff JONATHON CASTRO, and

16  to assure that said actions, policies, rules regulations, practices and procedures of the

17  LASD and its employees and agents comply with the laws and constitutions of the

18  United States and of the State of California.

19      6.    At all times mentioned herein Defendants BACA, and DOES 1 through

20  10, inclusive, were residents within the County of Los Angeles, State of California.

21      7.    Plaintiff is informed and believes, and thereupon alleges, that at all times

22  mentioned herein Defendants BACA, and DOES 1 through 10, inclusive, were

23  employees, agents and/or servants of the COUNTY, acted within the course and

24  scope of said employment, agency and/or service, and possessed the power and

25  authority and were charged by law with the responsibility to enact policies and to

26  prescribe rules and practices concerning the operation of the COUNTY Detention

27  facilities, including the West Hollywood Jail, and concerning the means by which the

28  life and safety of arrestees and detainees were to be secured, what criteria were to be

                                    - 2 -

1   used for placing arrestees and detainees together in custody, what methods of
2   placement of an arrestee or detainee in a jail cell were appropriate to safeguard the life
3   and safety of the arrestee or detainee, the manner in which threats to the life and
4   safety of an arrestee or detainee were to be evaluated and acted upon, what safeguards
5   were to be in place to prevent inmates, arrestees or detainees who posed a threat to
6   others in the facility from being permitted physical access to those others, what
7   actions were to be taken when an arrestee or detainee is attacked or injured while
8   incarcerated within a COUNTY detention facility, and what methods of surveillance
9   were to be used within each detention facility to insure immediate response to and
10  prevention of incidents of violence occurring within jail cells.

11       8.    Plaintiff is ignorant of the true names and capacities of defendants sued
12  herein as DOES 1 through 10, inclusive, and therefore sues these defendants by such
13  fictitious names.   Plaintiff is informed, believes and alleges, that each of the
14  fictitiously named defendants, is legally responsible, intentionally, negligently, or in
15  some other actionable manner, for the events and happenings hereinafter referred to,
16  and thereby legally caused the injuries, damages, and violations and/or deprivation
17  of rights hereinafter alleged.   Plaintiffs will seek leave of Court to amend this
18  Complaint and state the true names and/or capacities of said fictitiously named
19  defendants when the same have been ascertained.

20       9.    The reason why plaintiff is ignorant of the true names and capacities of
21  Defendants sued herein as DOES, inclusive, is that same have been unascertainable
22  as of the date of filing of this complaint, as many of these DOES may be LASD
23  deputies, sergeants, captains, lieutenants, commanders, deputy chiefs, and/or civilian
24  employee agents, policy makers and representatives of the LASD, or employees,
25  agents and representatives of defendant COUNTY and others, and as such many of
26  their records are protected by state statute and can only reasonably be ascertained
27  through the discovery process.

28       10.   All defendants who are natural persons, including Defendant BACA and

-3-

1    DOES 1 through 10, and each of them are sued individually and/or in their official
2    capacity as deputies, sergeants, detectives, captains, lieutenants, commanders,
3    supervisors and/or civilian employees, and agents, policy makers and representatives
4    for the COUNTY and LASD.

5        11.    The deputy defendants were at all times mentioned herein duly
6    appointed, qualified and acting officers of the LASD, acting within the course and
7    scope of such employment with the COUNTY and under color of law, to wit, under
8    color of the statutes, ordinances, regulations, policies, customs and usages of the State
9    of California and of the County of Los Angeles.

10                    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

11       12.    Pursuant to Government Code § 910, plaintiffs presented to defendant
12   County of Los Angeles appropriate claims for damages. Either the claims were denied
13   or more than 45 days have elapsed since the filing of the claims. This action was filed
14   timely.

15                                    **FACTS**

16   **A. General Allegations re Policy and Practice**

17       13.    Defendants COUNTY and LASD, with deliberate indifference, gross
18   negligence, and reckless disregard to the safety, security, and constitutional and
19   statutory rights of plaintiff and all persons similarly situated, maintained,
20   enforced, tolerated, permitted, acquiesced in, and applied policies or practices of,
21   among other things,

22              a.    Subjecting persons in their jails to violence perpetrated by other
23                    detainees, arrestees or inmates as well as excessive force by
24                    LASD personnel.
25              b.    Selecting, retaining, and assigning deputies to their jails with
26                    demonstrable propensities for excessive force; Selecting,
27                    retaining and assigning deputies to their jails who exhibit
28                    deliberate indifference and reckless disregard for the safety,

                                      - 4 -

security and constitutional and statutory rights of detainees, arrestees and inmates;

c.   Failing to take adequate security measures to protect detainees, arrestees and inmates from unnecessary harm, including but not limited to, the following: Separation of detainees and arrestees from potentially violent or dangerous inmates; use of security cameras to monitor violence within jail cells; training deputies to monitor detainees and inmates and immediately respond to acts of violence or threats of violence; monitoring drunken detainees who are unable to care for themselves.

d.   Failing to adequately train, supervise, and control deputies in the arts of law enforcement;

e.   Failing to adequately discipline deputies involved in misconduct;

f.   Condoning and encouraging deputies in the belief that they can violate the rights of persons such as the plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

14.   Plaintiff is informed and believes, and on the basis of such information and belief alleges, that defendants COUNTY and LASD ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs.  Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff.

1  B. The Incident

2      15.    Late in the evening of October 2, 2009, or shortly after midnight on
3  October 3, 2009, Plaintiff was arrested on Sunset Boulevard in the City of West
4  Hollywood for a violation of California Penal Code § 647(f), commonly known as
5  public drunkenness. While detained in the jail at the West Hollywood Sheriff
6  Station, Plaintiff was brutally beaten and injured severely. The injuries – which
7  included severe head trauma followed by ten days in a comatose state – have left
8  Mr. Castro with cognitive difficulties requiring ongoing therapy. He now has
9  difficulty remembering and recounting the incident, and does not recall the
10 circumstances of his injuries.

11     16.    On the morning of October 3, 2010 Plaintiff's mother, Benita Castro,
12 was informed by a friend that her son had been arrested in West Hollywood. Mrs.
13 Castro telephoned the Sheriff Station in West Hollywood to find out if and when
14 her son, Jonathon Michael Castro, would be released. The LASD employee with
15 whom Ms. Castro spoke initially advised Mrs. Castro that there was no Jonathon
16 Michael Castro in custody and they had no information on a Jonathon Michael
17 Castro, then put her on hold. The LASD employee then returned some minutes
18 later and advised Mrs. Castro that her son was in the intensive care unit at Cedars-
19 Sinai Medical Center. Mrs. Castro asked what happened and was told by the
20 LASD employee that Plaintiff had been beaten up by another inmate. Mrs.
21 Castro immediately drove from San Diego to Los Angeles and arrived at Cedars-
22 Sinai at approximately 3:00 p.m. to find her son in a coma and on a ventilator in
23 the intensive care unit. Mrs. Castro remained by her son's side, for the most part,
24 throughout his hospitalization and he was discharged to her care on November 10,
25 2009.

26     17.    Plaintiff is informed and believes that the brutal beating was
27 perpetrated by deputies, by one or more inmates at the jail acting with the
28 approval of LASD deputies, or because of the deliberate indifference, gross

negligence or reckless disregard of deputies to the safety and security of Plaintiff. Plaintiff is informed and believes uniformed sheriff deputies participated in or otherwise directed the assault and battery against Plaintiff.

18.   Plaintiff is informed and believes that LASD deputies recklessly and with deliberate indifference, failed to immediately and appropriately respond to the brutal attack and allowed the attack to continue for an extended period of time, causing Plaintiff to suffer numerous and severe facial fractures along with a diffuse traumatic brain injury, resulting in permanent brain damage.

19.   Plaintiff is informed and believes that LASD deputies, intentionally, recklessly and with deliberate indifference, failed to take immediate action to summon medical care for Plaintiff, despite knowing he was in need of immediate medical care.

20.   Some time after the brutal assault and battery on Plaintiff, LASD deputies provided for Plaintiff to be transported to Cedars-Sinai Medical Center for emergency medical treatment.  Cedars-Sinai and Sharp Coronado Hospital medical records reveal the following:

a.) In the early morning hours of October 3, 2009, Plaintiff arrived at the emergency room of Cedars-Sinai Medical Center in respiratory failure – due to severe facial trauma and excessive bleeding – with a Glasgow Coma Scale of 3.  An emergency tracheostomy was performed and he was transferred to Intensive Care on a ventilator.

b.) CT scans showed several facial fractures including maxillary and pterygoid sinus fracture, alveolar ridge fracture and left mandible fracture. Facial surgeries were performed and hardware was inserted to hold Plaintiff's jaw together.

c.) Plaintiff was diagnosed with a *diffuse axonal injury* – a brain injury which is usually the result of traumatic shearing forces that occur when the head is rapidly accelerated or decelerated. Plaintiff's brain injury is diffuse in nature,

1  the type of injury that occurs with shaken baby syndrome, as opposed to
2  the type of traumatic brain injury that might occur from a single blow to
3  the head or face.
4  d.) Plaintiff remained in a coma for ten days and was hospitalized at Cedars
5  Sinai until October 28, 2009, at which time he was transferred to a sub-acute
6  care unit at Sharp Coronado Hospital where he was monitored and treated
7  until his discharge on November 10, 2009, at which time Plaintiff was
8  discharged to the care of his mother, Benita Castro.
9  **DAMAGES**
10  21. As a direct and proximate result of the deliberately indifferent and
11  wrongful conduct of defendants herein, plaintiff has suffered and continues to
12  suffer injury, damage and loss including, but not limited to:
13  (a)    Severe emotional distress;
14  (b)    Impairment of earning capacity;
15  (c)    Medical expenses, past and future;
16  (d)    Pain and suffering;
17  (e)    Brain damage; and
18  (f)    Loss of enjoyment of life,
19  resulting in Plaintiff's economic and non-economic damage in amounts to be
20  proven at the time of trial.
21  22. The wrongful acts of the individually named doe defendants, excluding
22  defendants COUNTY and LASD, were willful, oppressive, intentional and
23  malicious; therefore, punitive damages should be assessed against defendants in an
24  amount deemed sufficient to punish and deter defendants and others in similar
25  positions of authority from engaging in similar conduct in the future.
26  23. Pursuant to 42 U.S.C. section 1988(b), plaintiff is entitled to recover his
27  reasonable attorney fees incurred herein.
28  ///

- 8 -