JS 6

# UNITED STATES DISTRICT COURT
# DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN MICHAEL CASTRO,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES SHERIFF'S DEPARTMENT, DAVID VALENTINE and CHRISTOPHER SOLOMON,<br><br>Defendants. | Case No. CV 10-5425 DSF (JEMX)<br><br>**JUDGMENT** |

On June 5, 2012, this case was called for trial in the United States District Court for the Central District of California, United States District Judge Dale S. Fischer, Presiding. The parties answered ready for trial. A panel of eight jurors was called and sworn.

The case was tried to the jury on June 5, 6, 7, 8 and 12, and then submitted to the jury for deliberations. On June 13, the jury returned a unanimous verdict as follows:

1  **QUESTION NO. 1**:  Did Sergeant David Valentine know of a substantial risk of
2  serious harm to plaintiff Jonathan Castro? Answer "Yes."
3  **QUESTION NO. 2**: Was David Valentine deliberately indifferent to that risk —
4  that is, did he disregard it by failing to take reasonable measures to address it?
5  Answer "Yes."
6  **QUESTION NO. 3**: Did David Valentine's conduct in disregarding a substantial
7  risk of serious harm to plaintiff cause plaintiff's injuries? Answer "Yes."
8  **QUESTION NO. 4**:  Did Custody Assistant Christopher Solomon know of a
9  substantial risk of serious harm to plaintiff Jonathan Castro? Answer "Yes."
10  **QUESTION NO. 5**: Was Christopher Solomon deliberately indifferent to that risk
11  — that is, did he disregard it by failing to take reasonable measures to address it?
12  Answer "Yes."
13  **QUESTION NO. 6**: Did Christopher Solomon's conduct in disregarding a
14  substantial risk of serious harm to plaintiff cause plaintiff's injuries? Answer "Yes."
15  **QUESTION NO. 7**:   Did Sergeant David Valentine direct his subordinate,
16  Christopher Solomon, in disregarding a substantial risk of serious harm to plaintiff?
17  Answer "No."
18  **QUESTION NO. 8**: Did David Valentine set in motion a series of acts by his
19  subordinate, Christopher Solomon, that Valentine knew or should have known
20  would cause Solomon to disregard a substantial risk of serious harm to plaintiff?
21  Answer "Yes."
22  **QUESTION NO. 9**: Did David Valentine know, or should David Valentine have
23  known, that his subordinate Christopher Solomon would disregard a substantial risk
24  of serious harm to plaintiff? Answer "Yes."
25  **QUESTION NO. 10**: Did David Valentine fail to prevent his subordinate,
26  Christopher Solomon, from disregarding a substantial risk of serious harm to
27  plaintiff? Answer "Yes."
28

1 **QUESTION NO. 11**: Did the County of Los Angeles Sheriff's Department have a
2 long-standing custom or practice that was deliberately indifferent to a substantial
3 risk of serious harm to prisoners held in the West Hollywood detoxification cell?
4 Answer "Yes."

5 **QUESTION NO. 12**: Did the County of Los Angeles Sheriff's Department's
6 longstanding custom or practice actually cause Jonathan Castro's injuries? Answer
7 "Yes."

8     The jury was instructed to answer the following damages questions if the
9 answer to Question Nos. 3, 6, or 12 was "Yes." The jury's answers were as follows:

10 **DAMAGES QUESTION NO. 1**: What are Jonathan Castro's damages?

11     a.    Past loss of earnings     $50,000.00
12     b.    Past medical expenses     $945,632.02
13     c.    Future loss of earnings and lost earning capacity     $360,000.00
14     d.    Future medical expenses     $600,000.00
15     e.    Physical pain / mental suffering     $650,000.00

16 **DAMAGES QUESTION NO. 2**: Did Custody Assistant Christopher Solomon or
17 Sergeant David Valentine act with malice, oppression, or reckless disregard for
18 plaintiff's rights?

19     Christopher Solomon     Answer "Yes."
20     David Valentine     Answer "Yes."

21

22     The Court, having bifurcated the amount of punitive damages, was prepared to
23 present that issue to the jury after taking the foregoing verdict. Counsel for the
24 parties conferred and entered a stipulation on the amount of punitive damages. The
25 Court then inquired individually of plaintiff and of defendants Solomon and
26 Valentine whether he understood his right to have a jury determine the amount of
27 punitive damages. Each stated that he understood and gave up that right.

28

Counsel for the parties informed the Court that they stipulated that punitive damages for defendant Solomon be $6,000.00, and punitive damages for defendant Valentine be $12,000.00. The Court accepted the stipulation and now enters judgment in those amounts against each of those defendants individually.

Therefore, IT IS HEREBY ORDERED, DECREED AND ADJUDGED that:

1. Judgment be entered in favor of plaintiff Jonathan Michael Castro, in accordance with the jury's verdict, in the sum of $2,605,632.02 plus statutory interest from the date of entry of this judgment, and against defendants County of Los Angeles, Los Angeles Sheriff's Department, David Valentine and Christopher Solomon.

2. Judgment be entered in favor of plaintiff Jonathan Michael Castro, in accordance with the jury's verdict and pursuant to stipulation, in the sum of $12,000.00 plus statutory interest from the date of entry of this judgment against defendant David Valentine individually.

3. Judgment be entered in favor of plaintiff Jonathan Michael Castro, in accordance with the jury's verdict and pursuant to stipulation, in the sum of $6,000.00 plus statutory interest from the date of entry of this judgment against defendant Christopher Solomon individually.

4. Plaintiff is the prevailing party in this 42 U.S.C. § 1983 action, and may be entitled to recover his attorneys' fees and costs reasonably incurred in prosecuting this action in accordance with 42 U.S.C. § 1988, the Federal Rules of Civil Procedure, the Central District Local Rules, and the specific Order re Attorney's Fees of this Court. Those sums shall be set forth in a separate order.

Date: 7/10/12

_____
Dale S. Fischer
United States District Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28